# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

**SHAYLA WILLIAMS**,

   Plaintiff,

v.     Civil Action No. 5:08-cv-335(HL)

**WILLIAM ENDERS, et al.**,

   Defendants.

_____

## ORDER

Currently before the Court is Defendant William Enders' Motion for Appointment of Counsel (Doc. 14). For the reasons more fully discussed below, Defendant Enders' Motion is denied.

This case involves the alleged unlawful arrest and sexual assault of Plaintiff Shayla Williams by Defendant Enders. At the time of the events complained of, Defendant Enders was employed by Defendant City of Macon as a detective. Claims have been asserted against Defendant Enders in both his individual and official capacities.

Defendant Enders is represented by counsel with respect to the official capacity claims, but has been proceeding *pro se* on the individual claims. There are also criminal charges pending against Defendant Enders, and he is represented by counsel

in the criminal case. He now requests that the Court provide counsel to defend him on the individual civil claims.

A civil litigant has no absolute constitutional right to the appointment of counsel. Poole v. Lambert, 819 F.2d 1025, 1028 (11th Cir.1987). "The appointment of counsel is instead a privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." Id. (citing Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir.1985)).

Defendant Enders states that he intended to obtain counsel, but cannot because of financial difficulties. He is the sole provider for a household of seven, he has financial obligations to children who do not live with him, and he has been unable to find employment because of the economy and the criminal charges pending against him. Defendant Enders also contends that he is "mentally, emotionally, physically, and financially drained" to where he does not believe he is capable of representing himself in this matter.

The Court has "broad discretion" in deciding whether to grant a request for court appointed counsel in a civil case. Bass v. Perrin, 170 F.3d 1312, 1320 (11th Cir.1999). A key consideration is "whether the pro se litigant needs help in presenting the essential merits of his or her position to the court." Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir.1993). "Where the facts and issues are simple, he or she usually will not need such help." Id.

While the Court can sympathize with Defendant Enders' apparent hardships, he has shown no exceptional circumstances to merit the appointment of counsel. Lawsuits are generally mentally, emotionally, and financially draining to everyone involved. The facts and legal issues in this case do not appear to be so complex as to require the assistance of an attorney. Further, the pleadings filed thus far by Defendant Enders suggest that he has an ability to litigate his case as well as the average *pro se* litigant.

Accordingly, Defendant Enders' Motion for Appointment of Counsel (Doc. 14) is **DENIED**. The request may be reconsidered if warranted by further developments in this case.

**SO ORDERED**, this the 7th day of May, 2009.

s/ Hugh Lawson
**HUGH LAWSON, SENIOR JUDGE**

mbh